## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SIDNEY D. DUMAS, III,**

                       **Plaintiff,**

      **v.**                                     **CASE NO. 19-3247-SAC**

**JEFF EASTER, et al.,**

                       **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Sidney D. Dumas, III, a prisoner at the Sedgwick County Detention Facility ("SCDF") in Wichita, Kansas at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's Complaint (ECF No. 1) alleges SCDF officials failed to protect him from attack by another inmate. Plaintiff states he was attacked by inmate Taylor Kremer on November 13, 2019, and suffered injuries to his head, mouth, shoulder, and back. According to Mr. Dumas, Inmate Kremer threatened to stab and kill him the night before the attack. The threat was allegedly witnessed and documented by Deputy Cameron. Plaintiff further states Kremer had previously threatened him on more than one occasion, and Plaintiff had informed SCDF officials and had them "make reports." Earlier on November 13, Plaintiff told the deputy on duty, Sara Baumburg,

about the threats and asked her to email the sergeant about moving Kremer out of the pod.  No action was taken, and Kremer continued to yell at Plaintiff from his cell about how Kremer was going to hurt Plaintiff when he got out of lockdown.  During second shift on November 13, Deputy Ronald Flack let Plaintiff out of his cell to send a kite about the threats.  As he was sitting at the kiosk, he heard the door pop open, and Kremer attacked him from behind.  Plaintiff alleges the deputy on duty must have let Kremer out on purpose because Plaintiff had just warned him about Kremer's threats.  Plaintiff states Deputy Pena-Reyes witnessed the attack.

Plaintiff names as defendants Sheriff Jeff Easter and Deputy Cameron.  He claims violation of his Eighth Amendment right to be free from cruel and unusual punishment due to the defendants' failure to protect him from attack by Kremer.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A.  Failure to Protect

The United States Supreme Court has made clear that prison and jail officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal quotation marks and citations omitted); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511

U.S. at 834.  A prison official may be held to have violated the Eighth Amendment[1] only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).  Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("[T]the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005).  Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer*, 511 U.S. at 835.  A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.*  It follows that Plaintiff must allege facts indicating that Defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.*  The mere fact that an assault occurred does not establish the requisite deliberate indifference to Plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068.

Plaintiff repeatedly states in the Complaint that he reported Kremer's threats and asked various SCDF officials to document them and to request Kremer be moved.  He includes a list of 13 officials ranging from Colonel Brian White to various deputies whom he claims knew of the

---

[1] At the time he was assaulted, it appears Plaintiff was not a convicted prisoner but was a pretrial detainee.  Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).  In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

threats and did nothing to prevent the attack.  What is unclear from the Complaint is whether SCDF officials were aware that Kremer's threats posed a substantial risk of serious harm.  The Complaint does not state, for instance, whether Kremer had a history of violence while incarcerated, making the threats credible; whether he was threatening Plaintiff in particular; how long Kremer had been making threats directed at Plaintiff; or the basis for the threats.  Officials may have been aware of the threats but not aware that the threats posed a significant risk.  *See Hovater*, 1 F.3d at 1066.

As for SCDF officials failing to move Kremer despite Plaintiff's requests, Plaintiff does not have a constitutional right to dictate where he or other inmates are housed.  *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013), citing *see Meachum v. Fano,* 427 U.S. 215, 228–29 (1976) and *Cardoso v. Calbone,* 490 F.3d 1194, 1197–98 (10th Cir. 2007); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Courts must take into account that jail officials are entitled to great deference in the internal operation and administration of the facility.  *See Bell v. Wolfish,* 441 U.S. 520 (1979).

### B. Defendants

The primary problem with Plaintiff's Complaint lies with the defendants he names.  Sheriff Easter is named as a defendant, but Plaintiff makes no allegation that Defendant Easter was personally involved in the events forming the basis of the Complaint.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert.*

*denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).   Here, Plaintiff makes nothing more than a claim of abstract supervisory liability.  This is not enough to state a claim against Defendant Easter.

As for Defendant Cameron, Plaintiff makes specific allegations about his actions, but the allegations fail to show deliberate indifference.  Plaintiff alleges Cameron witnessed Kremer threaten Plaintiff, documented the threat, and emailed his sergeant.  ECF No. 1, at 3.  These actions indicate Cameron did not disregard the risk of harm as required for deliberate indifference.  The Complaint fails to state a claim against Defendant Cameron.

As noted above, Plaintiff includes a list of other SCDF officials that he describes as people "who knew of an attack that was about to occur and did nothing to prevent it."  ECF No. 1, at 7.  If Plaintiff decides to file an amended complaint in response to this Order, he may also decide that some of the listed officials should be named as defendants.  If so, he should take care to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.

Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]  Plaintiff is given time to file an Amended Complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 8, 2020**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 8, 2020**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3247-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

DATED:  This 6th day of August, 2020, at Topeka, Kansas.


s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**